IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS ARROYO,

                Plaintiff,

v.

WARDEN BOUGHTON, CHAPLAIN GOFF,
MS. KROENING, and SGT. PRIMMER,

                Defendants.

OPINION and ORDER

18-cv-1055-jdp

---

    Pro se plaintiff Luis Arroyo, a practicing Muslim, alleges that Wisconsin Secure Program Facility (WSPF) officials have interfered with his ability to practice his religion and that when Arroyo complained about this interference, Chaplain Goff retaliated against him. Dkt. 1. After screening Arroyo's complaint under 28 U.S.C. §§ 1915 and 1915A, I granted Arroyo leave to proceed on claims under the First Amendment to the United States Constitution, the Fourteenth Amendment's Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. Dkt. 8.

    Defendants have moved for partial summary judgment on the grounds that Arroyo failed to exhaust his administrative remedies regarding two groups of claims. Dkt. 15. Arroyo didn't complete a required step in the administrative process for one group of claims, so I will grant defendants' motion with respect to those claims. But Arroyo complied with the administrative process for the other group, so I will deny defendants' motion as to that group.

ANALYSIS

    The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before challenging prison conditions in federal court.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement gives prison administrators the opportunity to resolve grievances before litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

Defendants say that Arroyo failed to exhaust two groups of claims before filing this lawsuit: (1) his claims that defendants Goff and Kroening violated the First Amendment and RLUIPA by failing to schedule a service celebrating the Islamic holiday of Eid al-Adha; and (2) his claims that defendants Primmer, Goff, and Kroening violated the Equal Protection Clause by forcing Arroyo to miss Islamic religious services while allowing inmates of other religions to attend their services. Defendants have the burden of showing that Arroyo failed to exhaust his administrative remedies regarding these claims. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

## A. Eid al-Adha claims

Arroyo filed a grievance about WSPF's lack of Eid al-Adha services. But defendants say that Arroyo failed to exhaust his Eid al-Adha claims because he did not first request a new religious practice on the form designed for that purpose, the DOC-2075 form. The initial reviewer of the grievance denied it on its merits, stating that WSPF wasn't required to hold an Eid al-Adha service. Dkt. 16-3, at 2. The grievance was ultimately denied on appeal because Arroyo had not submitted a DOC-2075 form to WSPF's chaplain before filing the grievance. *Id.* at 7–8.

Arroyo offers two arguments for why PLRA exhaustion did not require him to submit a DOC-2075 form. First, he says that neither Goff nor the initial reviewer of his grievance directed him to submit the form. But the PLRA requires inmates to follow each step within the administrative process "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Department of Corrections'

2

administrative rules state that an inmate must complete the DOC's review process for requesting a new religious practice before filing a grievance about that practice. Wis. Admin. Code § DOC 310.06(2)(e). And the DOC's Division of Adult Institutions' rules state that this review process requires inmates to submit a DOC-2075 form. Dkt. 17-1, at 10. The fact that WSPF staff didn't inform Arroyo that he was required to file a DOC-2075 form before filing a grievance doesn't relieve Arroyo of his obligation under the PLRA to follow the DOC's administrative rules.

Second, Arroyo argues that he didn't have to file a DOC-2075 form because an Eid al-Adha service isn't a new religious practice. He says it's not new because he and other inmates don't have to file DOC-2075 forms to participate in other Islamic practices such as regular prayer services and annual feasts or to possess any approved Islamic property items. But these practices and property items have already been approved by WSPF, and the fact that inmates don't have to file DOC-2075 forms to take part in those practices or possess those items says nothing about whether an Eid al-Adha service is a new practice at WSPF. It appears that Arroyo is arguing that a DOC-2075 form isn't required when an inmate requests a new practice within a recognized religion. But this isn't so; Wisconsin federal courts have previously granted exhaustion motions against plaintiffs who requested new practices or property items within recognized religions but failed to submit DOC-2075 forms before filing grievances. *See, e.g., Howard v. Joyce Meyer Ministries*, No. 14-c-1464, 2017 WL 6507091, at *8 (E.D. Wis. Dec. 18, 2017) (failure to exhaust when prisoner didn't submit DOC-2075 form to request permission to wear religious emblem not on list of permitted items for recognized Pagan religious group); *Schlemm v. Frank*, No. 11-cv-272, 2014 WL 2591879, at *9 (W.D. Wis. June 10, 2014) (failure to exhaust when prisoner didn't submit DOC-2075 form to request new services and approval

of new items within recognized Native American religious group), *aff'd in relevant part by Schlemm v. Wall*, 784 F.3d 362 (7th Cir. 2015).

Arroyo was required to file a DOC-2075 form before submitting his grievance regarding the Eid al-Adha service. He did not do so, so I will grant defendants' motion regarding Arroyo's First Amendment and RLUIPA claims against Goff and Kroening.

**B. Religious services claims**

Arroyo alleges that defendants Primmer, Goff, and Kroening discriminated against him based on his religion by refusing to allow him to attend two scheduled Islamic services: Eid al-Fitr, a prayer and feast celebrating the end of Ramadan, and Jumu'ah, a Friday morning prayer service. Defendants contend that he mentioned these issues only tangentially in a grievance regarding access to religious books. They say that he didn't exhaust these claims because his grievance addressed more than one issue, violating Wis. Admin. Code § DOC 310.07(5), and because his grievance didn't give WSPF administration sufficient notice of his claim.

But Arroyo raised these issues in other, separate grievances. He alleges in his complaint that he filed grievance No. 2018-13452 concerning Eid al-Fitr and grievance No. 2018-14847 concerning Jumu'ah. Dkt. 1, ¶¶ 7, 17. And a form submitted by defendants containing a list of grievances filed by Arroyo refers to both grievances, describing the '13452 grievance as alleging that Arroyo "wasn't allowed to attend the Eid al-Fitr" and the '14847 grievance as alleging that he "was denied Islamic services." Dkt. 16-1.

Defendants don't discuss the '13452 grievance regarding the Eid al-Fitr prayer and feast in their briefs, so they haven't met their burden regarding his claims on this issue. Regarding Arroyo's Jumu'ah claims, defendants concede in their reply brief that Arroyo alleged that he

4

was denied access to religious services in the '14847 grievance, but they contend that this grievance didn't put WSPF on notice of his claim because it didn't allege that defendants discriminated against him or violated the Equal Protection Clause. But to satisfy the PLRA's exhaustion requirement, an inmate's grievance doesn't have to articulate specific legal theories; it must only "object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Arroyo's grievance met this standard, alleging that no Muslim inmates from Arroyo's unit were allowed to participate in a particular Jumu'ah service. Dkt. 21-1, at 9. So defendants haven't met their burden regarding either of Arroyo's Equal Protection Clause claims against Primmer, Goff, and Kroening, and I will deny defendants' motion regarding those claims.

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment, Dkt. 14, is GRANTED with respect to plaintiff Luis Arroyo's First Amendment and RLUIPA claims against defendants Goff and Kroening. Those claims are DISMISSED WITHOUT PREJUDICE for Arroyo's failure to exhaust his administrative remedies. The remainder of defendants' motion is DENIED.

Entered December 10, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge